UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TYREL ESCOBAR**, <br><br> Plaintiff, <br><br> -against- <br><br> **JOHN DOES 1-10**, <br><br> Defendants. | Case No.: 22-cv-8434 <br><br> **COMPLAINT** |

Plaintiff Tyrel Escobar, by his attorneys, Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

## NATURE OF THE CASE

1. This is a civil rights action brought against the City of New York and members of the New York City Police Department ("NYPD"), who violated Plaintiff's rights under the Constitution of the United States and the Constitution of the State of New York.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

4. Venue is properly laid in the Southern District of New York pursuant to 28 U.S. Code § 1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred in the County of the Bronx.

## PARTIES

5. Plaintiff was at all times relevant to this action, a citizen of the State of New York.

6. Defendant John Doe #1–10 were at all relevant times described herein NYPD officers,

1

employed by the City of New York. At all relevant times described herein each Doe was acting under color of New York state law, and acting in the course and scope of the duties attendant to that employment Each Doe Defendant is sued in an individual capacity. Collectively, the John Does #1–10 are referred to as the "Individual Defendants."

7. Five of the Warrant Squad Doe Defendants were captured on cell phone footage taken by bystanders of the Incident. Upon information and belief, the following officers, whose images have been lifted from this bystander footage, participated in the brutal assault on Plaintiff, each one independently using excessive force:

   



8. The true names and shield numbers of Does #1–10 are not currently known to Plaintiff. However, each Doe Defendant is an officer or employee or agent of the NYPD. Accordingly, these Defendants are entitled to representation in this action by the New York City Law Department

("Law Department") upon their request, pursuant to General Municipal Law § 50-k. The Law Department, then, is hereby put on notice that (a) Plaintiff intends to name said officers as defendants in an amended pleading once the true names and shield numbers are known; and (b) that the Law Department should immediately begin preparing the Does' defenses in this action.

9. Upon information and belief, at least 5–6 of the Doe Defendants are part of the NYPD's warrant squad, while the remaining officers were based in Queens County Central Booking at the time of the incidents alleged herein.

10. At all relevant times, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

11. At all relevant times, the Individual Defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

### THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

12. On the morning of approximately October 2, 2019, after discovering that his bail was revoked, Plaintiff absconded from court and made his way to a family member's house on Featherbed Lane in the Bronx.

13. The same day, approximately 5–6 of the Individual Defendants came to the home where Plaintiff was located and employed brutal, retaliatory excessive force against Plaintiff,

hitting, kicking, tasing, and punching him before dragging him down the stairs of the building.

14. At no point did Plaintiff resist the officers. Nonetheless, the officers were angry with Plaintiff and had no intention of arresting him peacefully after he absconded from court.

15. The officers verbally harassed and taunted Plaintiff during the assault, parts of which are captured on cell phone footage, further demonstrating that the force was not at all necessary or lawful, but unlawful, retaliatory, and punitive.

16. The officers can be heard on the cell phone footage encouraging one another to hit and tase Plaintiff, as well as boasting and laughing about how many blows or tasers they were able to deploy during the attack.

17. When Plaintiff was escorted from the apartment, he had visible injuries to his face, including a busted lip and obvious redness and bruising to the eye and cheek, all of which were visible to multiple witnesses, some of whom gathered after hearing screams of pain coming from the apartment in which Plaintiff was attacked.

18. Despite having already assaulted Plaintiff unnecessarily, the Individual Defendants dragged plaintiff down multiple flights of stairs while he was cuffed with his hands behind his back. When family and neighbors saw Plaintiff at the bottom of the stairs, he could barely stand, he appeared dizzy and disoriented, and he was bleeding out of at least one of his ears.

   

19. Plaintiff was transported to a Bronx Precinct, and then to Queens Central Booking, where additional officers placed a bag over Plaintiff's head—while he remained cuffed with his

hands behind his back—in a cell for several hours, denying him access to the phones.

20. These officers used Plaintiff's vulnerable state to again attack him, assaulting and battering Plaintiff a second time while he was defenseless and restrained.

21. At no time was Plaintiff afforded any medical treatment. Instead, he was badly beaten at least twice by the Individual Defendants, sent to court, and transported to Rikers Island prior to receiving any medical treatment whatsoever.

### THE INJURIES TO PLAINTIFF

22. This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering and injuries to his person, that Plaintiff was forced to endure as a consequence of the Individual Defendants decidedly wrongful actions.

23. The Individual Defendants' actions were wanton, reckless, and malicious, as well as in blatant disregard of Plaintiff's civil rights, and as such the Individual Defendants are liable for punitive damages, as is the City of New York under the doctrine of *respondeat superior*.

24. All of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

### FIRST CLAIM FOR RELIEF:
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
### AGAINST THE INDIVIDUAL DEFENDANTS

25. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

26. The Individual Defendants used completely unnecessary, retaliatory, and punitive excessive physical force against Plaintiff that served no legitimate law enforcement purpose.

27. The officers' actions were wanton, reckless, and made with a complete disregard to Plaintiff's safety and constitutional right to be free from excessive force.

28. By virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable uses of force, and the Individual Defendants therefore are liable to Plaintiff for damages under 42 U.S.C. § 1983.

29. As a result of the above outrageous, conscious-shocking, and unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are liable for punitive damages.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Individual Defendants, as well as the City of New York:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
October 3, 2022

Rickner PLLC

By:            /s/

Rob Rickner
Stephanie Panousieris

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorneys for Plaintiff*