# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

January 10, 2023

**Via ECF**
Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

SO ORDERED

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 2/14/23

Plaintiff is permitted to file a subpoena, directed at the City of New York, seeking the identifies of the Doe officers, for the Court to approve. The Clerk of Court is directed to terminate the letter motion at ECF No. 6.

> Re:   Motion for Expedited Discovery to Identify Doe Defendants
> *Escobar v. Does 1–10*, Case No. 22-cv-8434

Your Honor:

We represent Plaintiff Tyrel Escobar, who brings claims under 42 U.S.C. § 1983 against New York City Police Department ("NYPD") officers who, on October 2, 2019, unlawfully assaulted and battered Plaintiff inside of his home, and used excessive and unnecessary force against him in retaliation for fleeing his criminal court appearance earlier that day.

This single-claim action was filed on October 3, 2022. Since that time, neither Plaintiff nor his counsel have been able to identify the Doe officers, some of whom are identified by photograph in the Complaint (Dkt. 1 at ECF 2). We therefore write to request expedited discovery from the City of New York to assist in the identification of these officers. We further request leave to amend the Complaint after these individuals are identified to ensure they are named prior to the statute of limitations (inclusive of COVID-19 tolling), which will expire on May 17, 2023.

## BACKGROUND

On October 2, 2019, after learning that his bail was revoked, Plaintiff absconded from court and made his way to a family member's house in the Bronx. Later that day, NYPD officers from the warrant squad came to the residence, found Plaintiff, and proceeded to beat him in retaliation for his actions that morning. The officers punched, kicked, hit, and tased Plaintiff while verbally harassing him during the assault, parts of which are captured on cell phone footage, in which you can hear the officers encouraging one another to strike Plaintiff.

When he was removed from the apartment, Plaintiff had visible injuries to his face, including a busted lip, redness, and bruising to the eye and cheek. The officers then proceeded to drag Plaintiff down multiple flights of stairs, after which he appeared dizzy, unable to hold himself up right, with blood coming out of at least one of his ears.

The statute of limitations on Mr. Escobar's single constitutional claim expired on October 2, 2022; however, New York Executive Order 202.8, issued in response to the COVID-19 pandemic, extends this statute of limitations to May 17, 2023. *See Bonilla v. City of New York*, No. 20-CV-

Rickner PLLC

1704 (RJD)(LB), 2020 WL 6637214, at *3 (E.D.N.Y. Nov. 12, 2020) (affirming the magistrate's order applying state COVID tolling to § 1983 claims against NYPD officers).

**ARGUMENT**

Under Federal Rule of Civil Procedure 26(d)(1) a party can seek discovery before the Rule 26(f) Conference only "when authorized by these rules, by stipulation, or by court order." "Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y.2005)).

Courts within the Second Circuit have employed two tests for determining whether there is good cause to allow early discovery. *See Litwin v. OceanFreight, Inc.*, 865 F. Supp. 2d 385, 402 (S.D.N.Y. 2011) (describing both tests). The first is a "reasonableness standard, which requires the party seeking the discovery to prove that the requests are reasonable under the circumstances." *KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.*, 06-CV-3013 (JS)(AKT), 2006 WL 1720461, at *4 (E.D.N.Y. June 22, 2006) (quotations omitted). The second is a four-part balancing test, which mirrors the standard for a preliminary injunction:

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982). Plaintiff can satisfy either test.

*First*, there will be irreparable injury if Plaintiff cannot identify the officers who assaulted him, because under Federal Rule of Civil Procedure 15(c)(1)(C), a litigant is typically allowed only 90 days from the filing date of his complaint to identify and serve defendants, or any amendment to add parties may not relate back to the date of the original filing. While Plaintiff certainly has strong arguments that any future amendment would relate back, given that all defendants will likely be represented by the New York City Law Department (who will have knowledge of this case when they are served with the complaint and this motion), and because Mr. Escobar has described the defendants with particularity in his complaint by providing photographs of each of the officers captured on cell phone footage. Moreover, the City and its agency, the NYPD, have ready access to the documents and information necessary to identify each of the officers present at the October 2, 2019 arrest of Plaintiff. *See Bishop v. Best Buy, Co. Inc.*, 08-CV-8427 (LBS), 2010 WL 4159566, at *3 (S.D.N.Y. Oct. 13, 2010) (allowing relation back under Rule 15(c) because all John Does were described in detail and were "all represented by the same attorney"); *Hogan v. Fischer*, 738 F.3d 509, 519 (2d Cir. 2013) (allowing relation back for claims under 42 U.S.C. § 1983 because under state law a plaintiff need only show that they requested the names of the John Does in discovery before the statute of limitations ran, and that they described the incident clearly, including descriptions of the John Does, in the complaint). But even so, there is no guarantee these arguments would be successful, so Plaintiff may be irreparably harmed, without any avenue of relief, unless he timely obtains the names of the officers.

Rickner PLLC

*Second*, there is a strong probability of success on the merits. The police officers had absolutely no justification for employing force of any kind on Plaintiff, who knew he would be taken into custody and did not resist the arrest. But they took out their frustration and anger at Plaintiff by beating him until he sustained serious injuries. There is ample video and audio evidence, as well as multiple eyewitnesses, that support these claims.

*Third*, the potential irreparable injury will be completely extinguished if the City can obtain discovery of the full names of the officers and timely amend his complaint.

*Fourth*, there is very little burden on the City of New York. In *pro se* cases, for example, the City is regularly required to identify officers pursuant to a *Valentin* order. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997); *see also Bishop v City of New York*, 13 cv -9203, 2016 WL 4484245, at *1 (S.D.N.Y. Aug. 18, 2016) (explaining that a *Valentin* order requires the City to identify officers). Further, the City and NYPD are the sole custodians of the records necessary to identify these officers, whose names and identities can be gathered from the photographs provided by Plaintiff and the underlying arrest records, which have not yet been made available to Plaintiff.

### REQUEST FOR RELIEF

As Your Honor knows, service has not yet been effectuated, and cannot be until the officers are identified. Consequently, we respectfully request that this Court order the City of New York, as the employer of the Doe Defendants, to identify the full names of the officers present at Plaintiff's arrest, in same manner required by a *Valentin* order. Alternatively, Plaintiff requests that this Court grant him leave to serve a so-ordered subpoena requiring the City of New York to provide this information, or produce documents that contain the identities of the officers.

Finally, Plaintiff respectfully requests that the Court vacate its January 10, 2023 Order extending the deadline for service of the complaint to January 23, 2023 (Dkt. 5), and grant him leave to file an Amended Complaint after the City provides the Doe Defendants' identities to undersigned counsel. *See Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000) ("When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes.").

Counsel is serving this letter motion, with a copy of the complaint in this action, on the New York City Law Department, by hand and by email, and will file an Affidavit of Service reflecting the same as soon as service is complete.

Respectfully,

/s/

Rob Rickner
Stephanie Panousieris

RICKNER PLLC