# Rickner PLLC

Rob Rickner | rob@ricknerpllc.com

May 3, 2023

**Via ECF**
Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> Application Granted
>
> *Valerie Figueredo, U.S.M.J.*
> DATED: May 4, 2023
>
> Plaintiff is granted leave to file the proposed first amended complaint. Plaintiff is also granted permission to serve a subpoena on the United States Marshals Service for the sole purpose of identifying the Doe Defendants described in the amended complaint that the City of New York indicated could be U.S. Marshals.

Re: Motion to Amend and for Expedited Discovery to Identify the Doe Defendants
*Escobar v. Does 1–10*, Case No. 22-cv-8434

Your Honor:

We represent Plaintiff Tyrel Escobar, who brings claims under 42 U.S.C. § 1983 against New York City Police Department ("NYPD") officers who, on October 2, 2019, unlawfully assaulted and battered Plaintiff inside of his home, and used excessive and unnecessary force against him in retaliation for fleeing his criminal court appearance earlier that day. In response to the representations made by the City of New York ("City") in its status update to the Court today, May 3, 2023 (Dkt. 18), Plaintiff respectfully requests that he be granted leave to amend his complaint to add the identified officers, and be granted permission to engage in early discovery with and/or serve a subpoena on the United State Marshals Service to identify the remaining Doe Defendants.

## BACKGROUND

On February 16, 2023, in Response to Plaintiff's request for expedited discovery, this Court authorized service of a subpoena directing the City of New York to attempt to identify the Doe Defendants, who were believed to be NYPD officers. (Dkt. 12).

On March 20, 2023, the City requested additional time to comply with the subpoena, and identified two NYPD officers involved in Plaintiff's arrest: Det. Jamie Rosado, Plaintiff's arresting officer, and Sgt. Robert Reid, who was present at the courthouse where Plaintiff absconded before the use of force that is the subject of this litigation. (Dkt. 14). This Court granted the City's request for a 30-day extension of time to complete their investigation. (Dkt. 15).

On April 19, 2023, in a status update to the Court, the City clarified that Det. Rosado was not present at the location where the use of force was employed on Plaintiff, but that a retired detective, Luis Correa, may have been present. (Dkt. 19). The City requested, and was granted, an additional two weeks to continue investigating the identities of the Doe Defendants. (Dkt. 17).

On May 3, 2023, the City filed a status update stating that, "upon information and belief, the only NYPD officer present for Plaintiff's October 2, 2019 arrest was retired Detective Luis Correa," and that "the other officers present for the Plaintiff's arrest at 40 Featherbed Lane, Unit 6A, Bronx,

Rickner PLLC

New York on October 2, 2019 were employees of the U.S. Marshals Service." (Dkt. 18).[1] At this time, the City states that it cannot identify any additional persons described in the complaint. *Id*.

### REQUEST FOR RELIEF

Given this development, Plaintiff respectfully renews his prior request to amend to now (1) add Det. Rosado and Det. Correa as defendants, and to (2) add a cause of action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against the unknown United States Marshals. Plaintiff further requests that this Court order the Marshals to identify the federal law enforcement agents present at the October 2, 2019 arrest of Plaintiff at Featherbed Lane, Unit 6A, Bronx, New York. A copy of the proposed Amended Complaint is attached hereto for Your Honor's reference.

As previously noted in Plaintiff's first request for expedited discovery (Dkt. 6), the statute of limitations on Mr. Escobar's claims expired on October 2, 2022, prior to filing and the initial request to amend. But the New York Executive Order 202.8, issued in response to the COVID-19 pandemic, extends this statute of limitations to May 17, 2023. *See Bonilla v. City of New York*, No. 20-CV-1704 (RJD)(LB), 2020 WL 6637214, at *3 (E.D.N.Y. Nov. 12, 2020) (affirming the magistrate's order applying state COVID tolling to § 1983 claims against NYPD officers). The statute therefore expires on May 17, 2023. Further, it is Plaintiff's position that the amendment to add the two now known participants in the arrest, and the unknown Marshals, relates back to the initial timely filing.

Undersigned counsel is hand-delivering this letter motion, with a copy of the current complaint and proposed amended complaint, on the United States Marshals and United States Attorney's Office for the Southern District of New York, to put the offices on notice of Plaintiff's intention to name these federal Marshals as Defendants in this action, and to put them on notice that Plaintiff is requesting that these Marshals be identified.

We thank the Court for its consideration of this request.

Respectfully,

/s/

Rob Rickner
Stephanie Panousieris

RICKNER PLLC

---

[1] The City has not specifically disclosed the names of any officers who may have been present during the second assault on Plaintiff at the precinct, as described in paragraphs 19 and 20 of the complaint. However, the City produced a limited number of arrest records, which confirm that Plaintiff's arresting officer was Jamie Rosado. Given that Det. Rosado was involved in the processing of Plaintiff at the precinct, the undersigned believes there is a reasonable basis to name him as a defendant (concerning the second assault).