UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**TYREL ESCOBAR**,

                        Plaintiff,

-against-

**DET. LUIS CORREA; DET. JAMIE ROSADO; U.S. MARSHAL KEVIN KAMROWSKI; U.S. MARSHAL ERIC KUSHI; SGT. DECLAN LUDINGTON; DET. RYAN SHEEHAN**; and **JOHN DOES 1-5**,

                        Defendants.

Case No.: 22 cv 08434

**THIRD AMENDED COMPLAINT**

---

Plaintiff Tyrel Escobar, by his attorneys, Rickner PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

### NATURE OF THE CASE

1. This is a civil rights action brought against members of the New York City Police Department ("NYPD") and United States Marshals Service ("Marshals"), who violated Plaintiff's rights under the Constitution of the United States.

### JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

4. Venue is properly laid in the Southern District of New York pursuant to 28 U.S. Code § 1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred

1

in the County of the Bronx, within the jurisdictional boundaries of the Southern District.

## PARTIES

5. Plaintiff was, at all times relevant to this action, a citizen of the State of New York.

6. Defendant Detective Luis Correa (Tax ID # 911907) (hereinafter "Correa") was, at all times relevant herein, an NYPD officer, employed by the City of New York, and deputized by the United States Marshals Service Fugitive Task Force. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of his duties attendant to his employment. He is sued in his individual capacity.

7. Det. Correa is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

8. Det. Correa is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

9. Defendant Detective Jamie Rosado (Tax ID # 914936) (hereinafter "Rosado") at all times relevant herein, an NYPD officer, employed by the City of New York, and deputized by the United States Marshals Service Fugitive Task Force. At all relevant times described herein he was acting under color of New York state law and acting in the course and scope of his duties attendant to his employment. He is sued in his individual capacity.

10. Det. Rosado is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

11. Det. Rosado is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

12. Defendant U.S. Marshal Kevin Kamrowski (hereinafter "Kamrowski") was, at all times relevant herein, a United States Marshal, employed by the United States Marshals Service.

At all relevant times described herein, he was acting under color of New York state law, and acting in the course and scope of his duties attendant to his employment. He is sued in his individual capacity.

13. Defendant U.S. Marshal Eric Kushi (hereinafter "Kushi") was, at all times relevant herein, a United States Marshal, employed by the United States Marshals Service. At all relevant times described herein, he was acting under color of New York state law, and acting in the course and scope of his duties attendant to his employment. He is sued in his individual capacity.

14. Defendant Sgt. Declan Ludington (Tax ID # 953018) (hereinafter "Ludington") was, at all times relevant herein, an NYPD officer, employed by the City of New York, and deputized by the United States Marshals Service Fugitive Task Force. At all relevant times described herein he was acting under color of New York State law and acting in the course and scope of his duties attendant to his employment. He is sued in his individual capacity.

15. Sgt. Ludington is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

16. Sgt. Ludington is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

17. Defendant Det. Ryan Sheehan (Tax ID # 955475) (hereinafter "Sheehan") was, at all times relevant herein, an NYPD officer, employed by the City of New York, and deputized by the United States Marshals Service Fugitive Task Force. At all relevant times described herein he was acting under color of New York State law and acting in the course and scope of his duties attendant to his employment. He is sued in his individual capacity.

18. Det. Sheehan is entitled to indemnification by the City of New York under New York law for any liability arising from his conduct described herein.

19. Det. Sheehan is entitled to indemnification by the City of New York pursuant to contract for any liability arising from his conduct described herein.

20. Upon information and belief, Defendant John Does 1–5 were, at all relevant times described herein, United States Marshals, employed by the United States, and/or officers or agents of the NYPD, employed by the City of New York. At all relevant times, Does 1–5 were acting under color of law, and in the course and scope of their duties attendant to their employment. Does 1–5 are sued in their individual capacities.

21. Correa, Rosado, Kamrowski, Kushi, Ludington, Sheehan, and Does 1–5 are referred to collectively as the "Individual Defendants."

22. Five of the Individual Defendants were captured on cell phone footage taken by bystanders of the Incident. Upon information and belief, the following officers, whose images have been lifted from this bystander footage, participated in the brutal assault on Plaintiff:

    

23. The true names and shield numbers of Does 1–5 are not currently known to Plaintiff. However, each Doe Defendant is, upon information and belief, a United States Marshal and proper defendant pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and/or an officer or agent of the NYPD.

24. At all relevant times, the Individual Defendants were acting under color of law in the course and scope of their duties and functions as agents, servants, employees, and officers of their

4

respective law enforcement agencies, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD and/or U.S. Marshals Service, with the power and authority vested in them as officers, agents, and employees of those agencies, and incidental to the lawful pursuit of their duties as officers, employees, and agents of the NYPD and/or U.S. Marshals Service.

### THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

25. On the morning of approximately October 2, 2019, after discovering that his bail was revoked, Plaintiff absconded from court and made his way to a family member's house on Featherbed Lane in the Bronx.

26. The same day, approximately 5–6 of the Individual Defendants came to the home where Plaintiff was located and employed brutal, retaliatory excessive force against Plaintiff, hitting, kicking, tasing, and punching him before dragging him down the stairs of the building.

27. At no point did Plaintiff resist the officers. Nonetheless, the officers were angry with Plaintiff and had no intention of arresting him peacefully after he absconded from court.

28. The officers verbally harassed and taunted Plaintiff during the assault, parts of which are captured on cell phone footage, further demonstrating that the force was not at all necessary or lawful, but unlawful, retaliatory, and punitive.

29. The officers can be heard on the cell phone footage encouraging one another to hit and tase Plaintiff, as well as boasting and laughing about how many blows or tasers they were able to deploy during the attack.

30. When Plaintiff was escorted from the apartment, he had visible injuries to his face, including a busted lip and obvious redness and bruising to the eye and cheek, all of which were visible to multiple witnesses, some of whom gathered after hearing screams of pain coming from

the apartment in which Plaintiff was attacked.

31. Despite having already assaulted Plaintiff unnecessarily, the Individual Defendants dragged plaintiff down multiple flights of stairs while he was cuffed with his hands behind his back. When family and neighbors saw Plaintiff at the bottom of the stairs, he could barely stand, he appeared dizzy and disoriented, and he was bleeding out of at least one of his ears.

   

32. Plaintiff was transported to a Bronx Precinct, and then to Queens Central Booking, where additional officers placed a bag over Plaintiff's head—while he remained cuffed with his hands behind his back—in a cell for several hours, denying him access to the phones.

33. These officers, including, but not limited to Det. Rosado, used Plaintiff's vulnerable state to again attack him, assaulting and battering Plaintiff a second time while he was defenseless and restrained.

34. At no time was Plaintiff afforded any medical treatment. Instead, he was badly beaten at least twice by the Individual Defendants, sent to court, and transported to Rikers Island prior to receiving any medical treatment whatsoever.

**THE INJURIES TO PLAINTIFF**

35. This action seeks damages on behalf of Plaintiff for the extraordinary emotional pain and suffering and injuries to his person, that Plaintiff was forced to endure as a consequence of the Individual Defendants' decidedly wrongful actions.

36. The Individual Defendants' actions were wanton, reckless, and malicious, as well as in blatant disregard of Plaintiff's civil rights, and as such the Individual Defendants are liable for punitive damages.

### FIRST CLAIM FOR RELIEF:
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983 AND
### *BIVENS V. SIX UNKNOWN NAMED AGENTS*, 403 U.S. 388 (1971)

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

38. The Individual Defendants used completely unnecessary, retaliatory, and punitive excessive physical force against Plaintiff that served no legitimate law enforcement purpose.

39. The officers' actions were wanton, reckless, and made with a complete disregard to Plaintiff's safety and constitutional right to be free from excessive force.

40. By virtue of the aforementioned acts by the Individual Defendants, Plaintiff was deprived civil rights guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable and excessive uses of force, and each NYPD officer is liable to Plaintiff under 42 U.S.C. § 1983, as is each U.S. Marshal pursuant to *Bivens*, 403 U.S. 388.

41. As a result of this outrageous, conscious-shocking, and unconstitutional conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, and the Individual Defendants are also liable for punitive damages.

**WHEREFORE**, Plaintiff demands the following relief, jointly and severally, against all Defendants:

      a.    Compensatory damages;

      b.    Punitive damages;

      c.    The convening and empaneling of a jury to consider the merits of the claims herein;

      d.      Costs and interest and attorney's fees;

      e.      Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
        June 23, 2023

Rickner PLLC

By:      /s/

    Rob Rickner
    Stephanie Panousieris

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorneys for Plaintiff*