UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYREL ESCOBAR,

                          Plaintiff,

        v.

DET. LUIS CORREA; DET. JAMIE ROSADO;
U.S. MARSHAL KEVIN KAMROWSKI; U.S. MARSHAL
ERIC KUSHI; SGT. DECLAN LUDINGTON; DET.
RYAN SHEEHAN; and JOHN DOES 1-5,

                          Defendants.

22 Civ. 08434 (MMG)(VF)

**ORAL ARGUMENT
REQUESTED**

**DEFENDANT LUIS CORREA'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT**

**SERPE LLC**

Silvia L. Serpe
Kimberly L. Friedman
16 Madison Square West
New York, New York 10010
(212) 257-5010
sserpe@serpellc.com
kfriedman@serpellc.com

*Attorneys for Defendant Luis Correa*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT……………………………………………...  1

ARGUMENT…………………………………………………………………  2

    I.  42 U.S.C. § 1983 Does Not Apply to Federal Officers…….……………  2

        A.  Task Force Members are Federal Officers…………………………  3

        B.  Det. Correa Was Operating Pursuant to Federal Authority…………  5

    II.  Plaintiff Misstates the Law in This Circuit……………………………....  6

    III.  The Second Circuit's Precedent in *Lewis* is Controlling………………...  9

CONCLUSION……………………………………………………………….  9

## TABLE OF AUTHORITIES

CASES

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)…………………………………… 6

*Aikman v. County of Westchester*, 691 F. Supp.2d 496 (S.D.N.Y. 2010)……………. 3, 4, 5

*Arar v. Ashcroft*, 585 F.3d 559 (2d Cir. 2009)………………………………………... 6, 8

*Arar v. Ashcroft*, 532 F.3d 157 (2d Cir. 2008) ………………………………………… 8

*Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147 (2d Cir. 2006)……………… 7, 8

*Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)……………………….. *passim*

*Cabrera v. Martin*, 973 F.2d 735 (9th Cir. 1992)…………………………………... 8

*Calix v. Pope*, No. 18-cv-3980(RPK)(PK), 2023 WL 6385340
 (E.D.N.Y. Sept. 30, 2023)…………………………………………………… 2

*Chodos v. F.B.I.*, 559 F. Supp. 69, 72 (S.D.N.Y.), *aff'd sub nom.*
 697 F.2d 289 (2d Cir. 1982)……………………………………………… 8

*Dotson v. Griesa*, 398 F.3d 156 (2d Cir. 2005)……………………………………. 2

*Guerrero v. Scarazzini*, 274 F. App'x 11 (2d Cir. 2008)……………………………… 3

*Hester-Bey v. Donaruma*, No. 14-cv-3903(CB)(ALB), 2017 WL 1148613
 (E.D.N.Y. Mar. 24, 2017)……………………………………………………… 3, 5

*Hightower v. United States*, 205 F. Supp. 2d 146 (S.D.N.Y. 2002)………………….. 3

*Hindes v. F.D.I.C.*, 137 F.3d 148 (3d Cir. 1998)……………………………………... 8

*Jackler v. Byrne*, 658 F.3d 225 (2d Cir. 2011)………………………………………... 2

*James v. City of Rochester*, No. 23-CV-6057DGL, 2023 WL 3356931
 (W.D.N.Y. May 11, 2023)……………………………………………………… 5

*Kingsley v. Bureau of Prisons*, 937 F.2d 26 (2d Cir. 1991)………………………….... 2, 3

*Kletschka v. Driver*, 411 F.2d 436 (2d Cir. 1969)…………………………………….... 6, 7

*Lewis v. Bartosh*, No. 22-3060-PR, 2023 WL 8613873
 (2d Cir. Dec. 13, 2023)……………………………………………………. 8, 9

*Manchanda v. Lewis*, 20-cv-1773(GBD)(RWL), 2021 WL 746212
(S.D.N.Y. Feb. 23, 2021)………………………………………………..  2

*Martinez v. D'Agata*, No. 16 CV 44 (VB), 2019 WL 6895436
(S.D.N.Y. Dec. 18, 2019)………………………………………………….  3, 5

*Ochoa v. Bratton*, No. 16-CV-2852 (JGK), 2017 WL 5900552
(S.D.N.Y. Nov. 28, 2017) …………………………………………………...  3, 5, 8

*Omosefunmi v. Weiss*, 198 F.3d 234 (2d Cir. 1999)……………………………...  7

*Pou v. U.S. Drug Enf't Admin.*, 923 F. Supp. 573 (S.D.N.Y. 1996)………………...  6, 8

*Tavarez v. Reno*, 54 F.3d 109 (2d Cir. 1995) ………………………………………..  2, 3

*U.S. v. Acosta*, 502 F.3d 54 (2d Cir. 2007)………………………………………..  2

*West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250 (1988)………………………………  4

**STATUTES**

28 C.F.R. § 0.112(b) ………………..…………………………………  4

21 U.S.C. § 878………………………………………………………….  4

34 U.S.C. § 41503(a)………………..………………………………...  4

42 U.S.C. § 1983 ………………..…………………………………………  *passim*

Presidential Threat Protection Act of 2000, Pub. L. No. 106-544,
114 Stat. 2718 (2000)………………..……………………………….....  4

**RULES**

Federal Rule of Civil Procedure 12(b)(6)……………………………………  1

Defendant Detective Luis Correa ("Det. Correa"), by and through his undersigned attorneys, hereby submits this reply memorandum of law in further support of his motion to dismiss (ECF 64) all counts of Plaintiff's Third Amended Complaint (ECF 39) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## PRELIMINARY STATEMENT

In his opposition, Plaintiff misstates the law of this Circuit in an attempt to circumvent the obvious and terminal challenges to his *Bivens* claim. The arguments set forth in Plaintiff's opposition rely on numerous fallacies. ***First***, and most prominently incorrect, is that Det. Correa should be held liable pursuant to Section 1983, and not *Bivens*. As discussed below this assertion patently misstates the law and controlling precedent in this Circuit. Plaintiff's contention  that Det. Correa was acting "under color of state law" is without merit as Det. Correa, a Deputized U.S. Marshal, was acting as a member of the Fugitive Task Force promulgated under the authority of the Federal government. There is no question that Det. Correa is a Federal employee for purposes of Plaintiff's alleged civil rights violation, and as such *Bivens*, not Section 1983, is the appropriate avenue for Plaintiff's claim.

***Second***, Plaintiff attempts to evade the unfavorable *Bivens* precedent in this Circuit by citing numerous cases that are both unanalogous and easily distinguishable. Indeed, as discussed at length below, Plaintiff fails to cite to a single case in this Circuit where a Federal officer has been found to be acting "under the color of state law" and held liable under Section 1983. ***Finally***, Plaintiff's argument against the preclusive effect of recent Second Circuit precedent is equally unfounded. Second Circuit jurisprudence clearly applies to the current action, and any attempt to argue otherwise by Plaintiff is both procedurally and substantively in err.

For these reasons and the reasons discussed below, Plaintiff's Opposition fails to set forth a basis to defeat dismissal, and accordingly, Det. Correa's motion should be granted, and Plaintiff's Complaint should be dismissed, with prejudice.

## ARGUMENT

### I.   42 U.S.C. § 1983 DOES NOT APPLY TO FEDERAL OFFICERS

The law in this Circuit is clear: Section 1983 claims cannot be brought against Federal officers. *See, e.g. U.S. v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007) ("Section 1983, of course, does not apply to allegedly unlawful acts of federal officers"); *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005) ("[Section 1983] appl[ies] only to state actors, not federal officials."); *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir. 1991) (holding that "[a]n action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers"); *Manchanda v. Lewis*, 20-cv-1773(GBD)(RWL), 2021 WL 746212, at *5 (S.D.N.Y. Feb. 23, 2021), *aff'd*, No. 21-1088-CV, 2021 WL 5986877 (2d Cir. Dec. 17, 2021) ("Plaintiffs' § 1983 claim fails because it is well established that § 1983 does not apply to actions against the federal government or its officers acting under color of federal law."); *Calix v. Pope*, No. 18-cv-3980(RPK)(PK), 2023 WL 6385340, at *7 (E.D.N.Y. Sept. 30, 2023) (holding "a § 1983 claim cannot be brought against the United States or federal actors").

Indeed, Plaintiff fails to present a single case in this Circuit where a Federal officer, acting within the scope of his employment, was found liable under Section 1983. *See* Plaintiff's Opposition ("Pl. Opp.") (ECF 68) at 4-11. This is not by accident. Courts in this Circuit have been crystal clear that any claim under Section 1983 against a Federal officer will be deemed misplead and will be converted by the Court into a *Bivens* claim. *See* Correa Motion ("Correa Mot.") (ECF 64), at 2, n.2.[1] *See also Tavarez v. Reno*, 54 F.3d 109, 109-110 (2d Cir. 1995) ("Although [the plaintiff] brought the

---

[1] Plaintiff contends that since Det. Correa "relegated this argument to a footnote," he has thereby waived his ability to challenge Plaintiff's allegations under Section 1983. Pl. Opp. at 9. Notably, this is neither legally nor factually sound. Det. Correa's footnote explicitly stated *why* he was not addressing Plaintiff's Section 1983 claims, which was because Courts in this Circuit have deemed the proper analysis of Section 1983 allegations against Federal officers to be pursuant to *Bivens*. In addition, the authority cited by Plaintiff for this proposition not only fails to support it, but belies it. *See Jackler v. Byrne*, 658 F.3d 225, 233 (2d Cir. 2011) (noting that issues that are not raised *on appeal* are deemed abandoned). Moreover, Plaintiff fails to distinguish or even mention the cases cited in the footnote. *See* Correa Mot. at 2, n.2.

action [against federal employees] under § 1983, the district court properly construed the complaint as an action under *Biven*s.”); *Aikman v. Cty. of Westchester*, 691 F. Supp. 2d 496, 499 (S.D.N.Y. 2010) (finding that “§ 1983 claims improperly filed against federal employees are routinely interpreted as properly pleaded under *Bivens*”); *Guerrero v. Scarazzini*, 274 F. App’x 11, 12, n.1 (2d Cir. 2008) (“[Plaintiff] framed his false arrest claims against [Defendants] as arising under 42 U.S.C. § 1983; however, because [Defendants] were federally deputized for their Task Force work, this claim was properly brought (as the parties agree) as a *Bivens* action.”); *Kingsley*, 937 F.2d at 30 n. 4 (finding that district court properly construed claims brought pursuant to § 1983 as *Bivens* claims); *Hightower v. United States*, 205 F. Supp. 2d 146, 154 (S.D.N.Y. 2002) (converting claims brought pursuant to § 1983 to *Bivens* claims).

## A.      Task Force Members Are Federal Officers

Det. Correa, a Deputized U.S. Marshal and member of the Fugitive Task Force, was operating as a Federal employee at the time of Plaintiff’s apprehension, and as such, Section 1983 does not apply. *See Ochoa v. Bratton*, No. 16-CV-2852 (JGK), 2017 WL 5900552, at *6 (S.D.N.Y. Nov. 28, 2017) (dismissing § 1983 claims against members of a task force noting they “are liable for the constitutional claim alleged, if at all, under *Bivens*”); *Hester-Bey v. Donaruma*, No. 14-cv-3903(CB)(ALB), 2017 WL 1148613, at *3 (E.D.N.Y. Mar. 24, 2017) (“U.S. Marshals are federal agents. Special Deputy Marshals are local agents who are deputized as federal agents pursuant to their participation in federal Task Forces, and thus are considered to be ‘acting in the capacity of a federal employee’ for purposes of federal tort liability, so must be sued under *Bivens* rather than § 1983.”). Courts is this Circuit consistently treat deputized task force officers as Federal employees. *See Martinez v. D’Agata*, No. 16 CV 44 (VB), 2019 WL 6895436, at *5 (S.D.N.Y. Dec. 18, 2019) (rejecting the argument that “the defendant task force members are not in fact federal defendants”); *Aikman*, 691 F. Supp. 2d at 498 (“Pursuant to 21 U.S.C. § 878(b) and 5 U.S.C. § 3374(c), state and

local law enforcement officers designated as federal task force members are treated as federal employees for the purposes of any federal tort liability statute. Courts within this Circuit have interpreted § 3374(c) to extend to civil rights actions, and consequently have treated deputized officers as federal employees for purposes of such actions.") (internal citations omitted).

The U.S. Marshalls in the instant action were not acting pursuant to power derived from the State nor by virtue of a position given to them by the State, and thus, cannot be said to be acting "under the color of state law." *See West v. Atkins*, 487 U.S. 42, 49-50, 108 S. Ct. 2250, 2255 (1988) (explaining color of state law includes power "possessed by virtue of state law" or "acts under color of state law when he abuses the position given to him by the State."). Indeed, Det. Correa's actions when apprehending Plaintiff were unequivocally under the color of Federal law. The U.S. Marshals Service possesses authority pursuant to 28 C.F.R. § 0.112(b) to deputize "federal, state, or local law enforcement officers whenever the law enforcement needs of the U.S. Marshals Service so require," and thus, Det. Correa's power derived from Federal, not State, authority. The New York/New Jersey Regional Fugitive Task Force at issue in the instant case is promulgated under the Presidential Threat Protection Act of 2000, Pub. L. No. 106-544, 114 Stat. 2718 (2000), which requires the Attorney General to establish "permanent Fugitive Apprehensive Task Forces consisting of Federal, State, and local law enforcement authorities ... to be directed and coordinated by the United States Marshal Service, for the purpose of locating and apprehending fugitives." 34 U.S.C. § 41503(a). Indeed, the task force at issue in the instant case was not only directed and coordinated by Federal officers, it is Congressionally funded in order to make "an extraordinary impact on the apprehension of the region's most dangerous and violent fugitives striving to make their communities safer."[2] Det.

---

[2] *See* https://www.usmarshals.gov/what-we-do/fugitive-investigations/fugitive-task-forces; *see also* 21 U.S.C. § 878 (permitting the Attorney General to designate state or local law enforcement officers to make arrests, execute and carry out search warrants, make seizures, carry firearms, and perform other duties on behalf of the federal government).

Correa was thus acting well within the scope of his *Federal authority* when apprehending Plaintiff, and as such, this Court should reject Plaintiff's claim against Det. Correa under Section 1983. *See Martinez*, 2019 WL 6895436, at *5; *Aikman*, 691 F. Supp. 2d at 498; *see also James v. City of Rochester*, No. 23-CV-6057DGL, 2023 WL 3356931, at *4 (W.D.N.Y. May 11, 2023) (finding that members of the "United States Marshal Service (USMS) fugitive task force were acting as federal officers…"); *Hester-Bey*, 2017 WL 1148613, at *3 ("Plaintiff fails to state a claim under § 1983 because Defendants are all federal employees, and thus were not acting under color of state law.")

### B.  Det. Correa Was Operating Pursuant to Federal Authority

Plaintiff inaccurately claims that Det. Correa was not operating "under any federal authority" when apprehending Plaintiff. *See* Pl. Opp. at 7 ("[I]t is clear that the Defendants in this action were operating under the authority of the State of New York, not under any federal authority."). Plaintiff claims that because he "was wanted on a purely state law warrant for absconding from state court while facing state charges," Det. Correa's alleged actions "had nothing to do with federal law." Pl. Opp. at 8. That, however, is simply not the test. The test is what *authority* was the defendant acting *pursuant to* when the alleged deprivation of Plaintiff's constitutional rights occurred. As discussed above, Plaintiff was apprehended by the Fugitive Task Force for absconding Court, and regardless of the underlying State warrant, the Task Force members—including Det. Correa—were acting in the direct scope of their federal duties while apprehending him. *James*, 2023 WL 3356931, at *4 (finding that members of the "United States Marshal Service (USMS) fugitive task force were acting as federal officers…members of federal fugitive task force did not lose scope of their federal duties while executing state arrest warrants.").

Where, as here, defendants are "part of a joint Task Force operation" identified as the U.S. Marshals Fugitive Task Force, Courts have found "[s]uch a task force was acting pursuant to federal, not state, law." *Ochoa*, 2017 WL 5900552, at *6. And where, as here, an officer is acting in his

capacity as a task force member, he is not acting "under the color of state law." *Pou v. U.S. Drug Enf't Admin.*, 923 F. Supp. 573, 579 (S.D.N.Y. 1996), *aff'd sub nom. Pou v. Loszynski*, 107 F.3d 3 (2d Cir. 1997) ("Where, as here, it is undisputed that defendants [ ] were acting in their capacity as federal [] task force agents, they were not acting under color of state law, and a § 1983 claim must fail."). For these reasons, Plaintiff's Section 1983 claim against Det. Correa is patently improper.

## II. PLAINTIFF MISSTATES THE LAW IN THIS CIRCUIT

Plaintiff selectively cites to a number of cases for the proposition that Federal officers act under the color of state law when they conspire with State officers. *See* Pl. Opp. at 6-9. For example, while Plaintiff cites to *Arar v. Ashcroft*, 585 F.3d 559 (2d Cir. 2009) for the principle that "[a] federal officer who conspires with a state officer may act under color of state law...," *see* Pl. Opp. at 7, Plaintiff fails to include the full quotation, which states "[a] federal officer who conspires with a state officer may act under color of state law, *but since federal officials typically act under color of federal law, they are rarely deemed to have acted under color of state law.*" *Arar v. Ashcroft*, 585 F.3d 559, 568 (2d Cir. 2009) (emphasis added). In addition, Plaintiff's analysis of *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970), inaccurately analogizes cases where private individuals are found to have been acting under the color of state law where there is a violation by the state and the individual is deemed to be "involved in such a conspiracy." *Adickes*, 398 U.S. at 152. Notably, this is a standard that is not employed with Federal officers.

Plaintiff also relies on *Kletschka v. Driver*, 411 F.2d 436 (2d Cir. 1969) for the proposition that a Federal officer may be liable under Section 1983 if there is sufficient evidence of a conspiracy with state officials. Pl. Opp. at 6-7. While *Kletschka* did not preclude the possibility that a Federal officer might be conspiring with the state in such a manner as to render him or her liable under Section 1983, it dismissed claims against all but one federal defendant, who played a unique role, and ordered plaintiff to provide "a basis for proof that the state defendants, by virtue of their influence

over the operation [--], may have played a significant role in causing the federal action." *Kletschka*, 411 F.2d at 447.[3] There are simply no allegations of such State influence here.

Plaintiff states that "federal defendants could be liable under § 1983 where they were joint participants in the challenged action, where the state had placed itself into a position of interdependence with the federal defendant." Pl. Opp. at 6. Here, the Fugitive Task Force operated pursuant to Federal law and was overseen by U.S. Marshals. There is simply no allegation that the State of New York asserted authority to apprehend Plaintiff; indeed, once he absconded and became a fugitive of the Court, Plaintiff's apprehension and arrest were delegated to the Fugitive Task Force and were thus executed under the color of Federal law. There is no assertion that the State officials ordered, authorized, controlled, oversaw, or even substantively participated in Plaintiff's apprehension. *See Omosefunmi v. Weiss*, 198 F.3d 234, 234 (2d Cir. 1999) ("Without facts alleged to demonstrate action under color of state law, [Plaintiff's] § 1983 claims [against a Federal officer] do not state a claim upon which relief can be granted.").

Plaintiff incorrectly argues that the co-mingling of State and Federal officials on the task force can be enough to warrant liability under Section 1983. Pl. Opp. at 6-8. In support of this, Plaintiff cites to *Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147 (2d Cir. 2006), a case where the Court dismissed claims against the Federal defendants, failed to find any inference of a conspiracy, and made clear that the presence of a joint task force alone does not render liability under Section 1983. *Beechwood*, 436 F.3d at 155 ("Cooperation between state and federal bureaucracies acting in their regulatory spheres supports no inference that the federal actors acted with an improper

---

[3] Notably, Plaintiff states that the *Kletschka* holding was not cited for many years, "because litigants had a new avenue of relief against federal actors acting under the color of federal law." Pl. Op. at 6. This is incorrect. *Kletschka* was decided in 1969, and in the intervening fifty plus years, a litany of jurisprudence based on Supreme Court decisions has developed to define the nature and extent of Federal officer's personal liability for civil rights violations—which, as discussed herein, is properly evaluated under *Bivens*.

motive," and noting that there must be a meeting of the minds to commit a specific unlawful act in order to warrant a civil conspiracy). In addition, Plaintiff cites to *Arar v. Ashcroft*, for this principle, *see* Pl. Opp. at 7, but the Court in *Arar* made clear that where "the non-State actor is a Federal official, we will *not find* that state law played a significant role unless the complained-of actions can be attributed to the control or influence of the State defendants." *Arar v. Ashcroft*, 532 F.3d 157, 175–76 (2d Cir. 2008), *vacated and superseded on reh'g en banc,* 585 F.3d 559 (2d Cir. 2009) (emphasis added). In the instant action, Plaintiff fails to allege the requisite "control" or "influence" by the State. Notably, in all of the cases put forth by Plaintiff, not a single Federal officer was held to be operating "under the color of state law" such as to warrant Section 1983 liability. That is because Courts in this Circuit—along with others—routinely acknowledge that Federal employees cannot be liable under Section 1983. *Ochoa*, 2017 WL 5900552, at *6 ("Although the plaintiff purports to bring this claim under § 1983, that statute does not apply to federal officials."); *Pou*, 923 F. Supp. at 579 (same); *see also Chodos v. F.B.I.*, 559 F. Supp. 69, 72 (S.D.N.Y.), *aff'd sub nom. Chodos v. F.B.I., et al.*, 697 F.2d 289 (2d Cir. 1982) ("An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers.").[4]

## III. THE SECOND CIRCUIT'S PRECEDENT IN *LEWIS* IS CONTROLLING

Plaintiff plainly misstates the rules of jurisprudence by arguing that the Second Circuit's decision in *Lewis v. Bartosh*, No. 22-3060-PR, 2023 WL 8613873 (2d Cir. Dec. 13, 2023), should not be controlling because the Complaint in this action preceded it—by two months. *See* Pl. Opp. at 10-

---

[4] Notably, Plaintiff's citations to cases in other circuits are equally unavailing and do not support sustaining a Section 1983 claim against Det. Correa. *See* Pl. Opp. at 7, n.2.; *see also Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3d Cir. 1998) ("Because section 1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from section 1983 liability inasmuch as in the normal course of events they act pursuant to federal law."); *Cabrera v. Martin*, 973 F.2d 735, 742–43 (9th Cir. 1992) ("To transform a federal official into a state actor, the appellees must show that there is a symbiotic relationship between the [federal defendants] and the state such that the challenged action can fairly be attributed to the state.").

11. In *Lewis*, the Second Circuit interpreted and applied the Supreme Court's *Bivens* analysis, as set forth by the Supreme Court in *Egbert*, and declined to extend a *Bivens* remedy to allegations made against a Deputy U.S. Marshal. *See Lewis*, 2023 WL 8613873, at *2 (affirming U.S. Marshals represent "a new category of defendants" from the narcotic agents in *Bivens* and declining to extend *Bivens* thereto). The Court deemed both "the professional identity" of the defendant (Deputy U.S. Marshals) and "the existence of an alternative remedial scheme through which the Directors of the Marshals Service must investigate reported misconduct," precluded a *Bivens* remedy. *Id. See also* Correa Mot. at 5-6. The *Lewis* decision is not an *ex post facto* analysis of a new superseding law, but instead is the Second Circuit continuing a long line of cases finding that *Bivens* does not extend to U.S. Marshals—a line of cases that pre-date the *Lewis* decision and that Plaintiff does not address, let alone attempt to distinguish. *See* Correa Mot. at 6; Pl. Opp. at 10-11.

## **CONCLUSION**

For the reasons stated herein, as well as in Det. Correa's original motion (ECF 64), Plaintiff's claims against Det. Correa should be dismissed with prejudice.

Date:   February 29, 2024

**SERPE LLC**

/s/ Kimberly L. Friedman
 Silvia L. Serpe
 Kimberly L. Friedman
 16 Madison Sq. West, 10th Floor
 New York, NY 10010
 (212) 257-5011
 kfriedman@serpellc.com

*Attorneys for Defendant Luis Correa*
