

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**MARY JANE ANDERSON**
*Assistant Corporation Counsel*
Tel.: (212) 356-2415
Fax: (212) 356-3509

February 18, 2026

**BY ECF**
Honorable Margaret M. Garnett
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    Tyrel Escobar v. Ludington, et al.,
         22-CV-08434 (MMG)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter on behalf of defendants Sergeant Declan Ludington[1] and Detective Ryan Sheehan.  I write to pursuant to Rule 9 of Your Honor's Individual Rules of Practice to request that the conference previously scheduled for March 4, 2026 serve as a pre-motion conference, as defendants intend to move for summary judgment pursuant to Federal Rule of Civil Procedure 56 for the reasons set forth herein.

**Factual Background**

On October 2, 2019, plaintiff appeared in Queens County Supreme Court for an unrelated criminal charge and learned that his bail was being revoked.  When the judge informed plaintiff that his bail was being revoked, plaintiff absconded from court, and went to his aunt's apartment at 40 Featherbed Lane in the Bronx.  A warrant was issued for plaintiff's arrest given his escape from the courthouse.

Later that day, a Joint Fugitive Task Force, made up of four United States Marshals,[2] arrived at plaintiff's aunt's apartment to execute a warrant for his arrest.  Sergeant Ludington and

---

[1] Sergeant Ludington was a detective at the time of this incident.

[2] The U.S. Marshal defendants were dismissed from this case under Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388 (1971).  (See ECF No. 75).

Detective Sheehan of the New York City Police Department Bronx Warrant Squad assisted the Task Force. Remaining in the case is plaintiff's claim, brought pursuant to §1983, for excessive force against Sergeant Ludington and Detective Sheehan.

The members of the Joint Task Force knocked on the door of the apartment for approximately twenty minutes. The U.S. Marshals then broke down the front door and ordered plaintiff's aunt and sister to leave the apartment. Detective Ryan Sheehan remained by the front door of the apartment in order to ensure that the other individuals remained outside of the apartment for the duration of the incident while Sergeant Ludington and the U.S. Marshals entered.

The record evidence shows that Plaintiff was hiding from the officers inside of a couch in the apartment. Plaintiff proceeded to ignore commands from officers, refused to come out of the couch, was warned that if he did not comply he would be tased, and as a result, the evidence shows that U.S. Marshal Kevin Kamrowski tased him, and Sergeant Ludington then placed him in handcuffs. There is no evidence whatsoever that <u>any NYPD defendant deployed a taser</u> at any time during the incident.

Plaintiff was treated at Bronx Lebanon Hospital for his injuries from the taser darts, a small laceration above his right ear, and a small contusion above his left eye. There is no record evidence whatsoever to show that any defendant – or any law enforcement officer for that matter – "brutally assaulted" plaintiff after he was tased.

## **Plaintiff's Excessive Force Claim Should be Dismissed.**

It is well settled that "[o]fficers are entitled to use some degree of force when restraining a suspect during an arrest." <u>Faruki v. City of N.Y.</u>, 517 Fed. App'x. 1, 2 (2d Cir. 2013). A plaintiff must establish "through evidence, that the 'alleged use of force is objectively sufficiently serious or harmful enough to be actionable.'" <u>Rincon v. City of New York</u>, 03 Civ. 8276, 2005 U.S. Dist. LEXIS 4335, at *11 (S.D.N.Y. Mar. 21, 2005) (quoting <u>United States v. Walsh</u>, 194 F.3d 37, 50 (2d Cir. 1999)). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989) (quoting <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Here, Detective Ryan Sheehan stood by the door of the apartment through the entire incident. The record shows that he used <u>no force at all</u> against the plaintiff. Thus, the excessive force claim against Detective Sheehan must be dismissed.

The record evidence also shows that it was the U.S. Marshal, and not Sergeant Ludington, who tased plaintiff. To the extent plaintiff intends to proceed on an excessive force claim against Sergeant Ludington based on the tasing, this too must be dismissed.

To the extent plaintiff argues that Sergeant Ludington used excessive force against him in restraining him, this claim must also fail. While plaintiff testified that force was used against him after he was tased, plaintiff was unable to testify as to what force, if any, Sergeant Ludington used against him. Furthermore, the US Marshals all testified that Ludington never punched, kicked, or otherwise used any force on plaintiff. For this reason, no reasonable jury could find

that Sergeant Ludington used force against him.  Moreover, this claim is contradicted by the medical records showing only a small contusion and a small laceration, in addition to the injuries related to the tasing.  See Scott v. Harris, 550 U.S. 372, 380, (holding "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252,  (holding " [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.")

## Conclusion

In sum, plaintiff has no cause of action against the NYPD defendants, and the record evidence shows that neither of the NYPD defendants used excessive force against plaintiff. Accordingly, defendants submit this request for a pre-motion conference request in anticipation of their motion to dismiss pursuant to the Federal Rules of Civil Procedure 56.

Defendants thank the Court for its time and consideration herein.

Respectfully submitted,
*Mary Jane Anderson*            /s/
Mary Jane Anderson
Assistant Corporation Counsel
Special Federal Litigation Division

Cc:    *Counsel of Record* **(BY ECF)**