# EXHIBIT V

Certificate #: U00000082 N

Page 1 of 1

# QUEENS SUPREME CRIMINAL COURT

## NO FEE

125-01 Queens Blvd., Kew Gardens, NY 11415

Fax: (718) 520-2354

Court ORI: NY0400151

The People of the State of New York

vs.

Tyrell Escobar

**Certificate of Disposition**

Docket Number:

Legacy Docket Number:    00089-2020

NYSID: ▮▮▮▮▮

Defendant DOB: ▮▮▮▮▮

Arrest Date: **06/12/2019**    Arraignment Date: **02/11/2020**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Queens Supreme Criminal Court** concerning the above entitled matter and finds the **following:**

| Number of Counts | Incident Date | Sentence Charge | Charge Description | Charge Weight | Conviction Type | Conviction Sentence Date | Sentence Highlight |
|---|---|---|---|---|---|---|---|
| 1 | 06/08/2019 | PL 120.25 | Reckless Endangerment-1st | DF | Pled Guilty | Conv: 12/11/2020 Sent: 01/15/2021 | • Surcharge (MS ($300.00), CVAF ($25.00) - due 09/27/2021, Other Agency to Collect) • Fee (DNA ($50.00) - due 09/27/2021, Other Agency to Collect) • Imprisonment (1 years - 3 years) |

A balance remains due and owing for fines, fees and/or surcharges imposed at sentence.

Charge Weight Key: I–Infraction, V–Violation, AM, BM–Class Misdemeanor, UM=Unclassified Misdemeanor, AF, BF, CF, DF, EF–Class Felony

Dated:    November 13, 2025

*Audrey D Pfeiffer*

Chief Clerk/Clerk of the Court
QUEENS COUNTY CLERK

### CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

Pursuant to Judiciary Law § 212 2(z), a certificate of disposition for the public contains only records of convictions, if any, and information about pending cases. All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Conviction charges may not be the same as the original arrest charges.